UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MCHIGAN
SOUTHERN DIVISON

IN RE:

NADEEM KHAN,

     Debtor,

_____/

NADEEM KHAN,

     Appellant,

v.

AURORA LOAN SERVICES, LLC,

     Appellee.

_____/

Civil Case No. 14-cv-10841
Bankruptcy Case No. 13-62234
Honorable Linda V. Parker

## **OPINION AND ORDER GRANTING APPELLEE'S MOTION TO DISMISS**

### I. INTRODUCTION

     This is an appeal from a Chapter 13 bankruptcy case adjudicated in the United States Bankruptcy Court for the Eastern District of Michigan.  Appellant-Debtor Nadeem Khan appeals the bankruptcy court's orders confirming that no automatic stay was in effect from a previously dismissed bankruptcy case filed by Appellant's wife, Farah Khan.  As will be explained, Appellant's wife filed a Chapter 13 bankruptcy petition in an effort to delay the proceedings Appellee Aurora Loan Services, LLC ("Aurora") initiated to evict occupants from property

located at 3859 Fadi Drive in Troy, Michigan (hereafter "Property").  Farah Khan had issued a mortgage on the Property in connection with a loan on which she subsequently defaulted.

Before the Court is Aurora's March 31, 2014 motion to dismiss the appeal as moot due to: (1) Appellant's failure to obtain a stay pending appeal; and (2) the dismissal of Appellant's underlying bankruptcy case from which this appeal is brought.   For the reasons that follow, the Court grants Aurora's motion.

## II. FACTS & PROCEDURAL BACKGROUND

On August 8, 2005, Farah Khan granted a mortgage on the Property in connection with a mortgage loan for $548,980.00.  (ECF No. 7, Ex. 2 at 2.) Sometime thereafter, Aurora acquired the mortgage.  (*Id*.)  When Farah Khan defaulted on the mortgage loan, Aurora initiated proceedings to foreclose the Property under Michigan's foreclosure by advertisement statute.  (*Id*.)

Pursuant to those proceedings, Aurora purchased the Property at an August 30, 2011 sheriff's sale.  (*Id*., Ex. 2.)  The deed from this sale was recorded on September 6, 2011.  (*Id*.)  The period to redeem the Property pursuant to Michigan's foreclosure by advertisement statute expired on February 29, 2012. *See* Mich. Comp. Laws § 600.3240.  Aurora then filed eviction proceedings in state court against Farah Khan and the occupants of the Property.  The state court granted Aurora a judgment of possession on June 5, 2012, which was affirmed by

the Oakland County Circuit Court on January 7, 2013.  (*Id.*, Ex. 4.)  The appellants filed a motion for reconsideration, which the circuit court denied on April 24, 2013.  (*Id.*, Ex. 5.)

Aurora then sought and obtained a writ of eviction from the state court on September 5, 2013.  (*See* ECF No. 1 at Pg ID 18.)   In an attempt to delay the eviction, Appellant's spouse, Farrah Khan, filed a Chapter 13 bankruptcy petition in the Bankruptcy Court for the Eastern District of Michigan on September 10, 2013.  *In re Farrah Khan*, Case No. 13-56972.  In order to proceed with the eviction, Aurora sought relief from the automatic stay and co-debtor stay, which the bankruptcy court granted in a November 14, 2013 order.  (ECF No. 7, Ex. 6.)  The bankruptcy case was dismissed on the same day on the affidavit of the trustee.  (*Id.*, Ex. 7.)

The state court issued a second writ of eviction on December 5, 2013 (*id.*, Ex. 8), as the first writ had expired while Farrah Khan's bankruptcy case was pending.  Subsequent to this second writ of eviction, on December 11, 2013, Appellant Nadeem Khan filed a Chapter 13 bankruptcy petition.  *In re Nadeem Khan*, Case No. 13-62234.  Aurora and Appellant then filed competing motions concerning the existence of an automatic stay.  On December 23, 2013, Judge McIvor entered an order granting Aurora's motion to confirm that no stay was in effect and an order denying Appellant's motion to confirm the existence of a stay.

3

(ECF No. 7, Exs. 9, 10.) Appellant filed a motion for reconsideration, which Judge McIvor denied on January 9, 2014. (*Id.*, Ex. 11.) The bankruptcy case was dismissed on March 28, 2013. In the interim, the second writ of eviction was executed and Aurora gained possession of the Property on December 28, 2013.

Appellant filed a notice of appeal on February 24, 2014. The matter was assigned to the Honorable Mark A. Goldsmith. On March 31, 2014, Aurora filed the pending motion to dismiss the appeal as moot. (ECF No. 7.) Appellant filed a response to the motion on April 14, 2014. (ECF No. 9.) Aurora filed a reply brief on April 24, 2014. (ECF No. 10.) On May 28, 2014, Judge Goldsmith reassigned the matter to the undersigned pursuant to Administrative Order 14-AO-030. (ECF No. 11.)

### III. STANDARD OF REVIEW

In determining appeals from the bankruptcy court, a district court reviews the bankruptcy court's findings of fact under a clearly erroneous standard but reviews the bankruptcy court's conclusions of law de novo. *In re Isaacman,* 26 F.3d 629, 631 (6th Cir. 1994).

### IV. APPLICABLE LAW AND ANALYSIS

In its motion, Aurora argues that this appeal should be dismissed as moot because Appellant failed to obtain a stay pending appeal and the underlying

4

bankruptcy case was dismissed. Aurora contends that the dismissal of Appellant's bankruptcy case leaves this Court with no avenue to grant effective relief.

A case is deemed moot " 'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.' " *Already, LLC v. Nike, Inc.*, -- U.S. -- , 133 S. Ct. 721, 726 (2013) (quoting *Murphy v. Hunt,* 455 U.S. 478, 481 (1982)); *Powell v. McCormack,* 395 U.S. 486, 497 (1969). "[I] f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal *must be dismissed.*" *Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (citing *Mills v. Green*, 159 U.S. 651, 653 (1895)) (emphasis added).

Courts reviewing bankruptcy appeals have applied a "bankruptcy mootness rule" in addition to the general mootness principles set forth above. This rule is applicable where the debtor fails to obtain a stay from a bankruptcy court order that permits the sale of the debtor's assets and the assets are sold before the district court reaches a decision on appeal. *See In re 255 Park Plaza Assoc. Ltd. P'ship*, 100 F.3d 1214, 1216 (6th Cir. 1996) (citing *Onouli-Kona Land Co. v. Estate of Richards (In re Onouli-Kona Land Co.)*, 846 F.2d 1170, 1171 (9th Cir. 1988)). "The bankruptcy mootness rule differs from general mootness law because it is based on 'the general rule that the occurrence of events which prevent an appellate court from granting effective relief renders an appeal moot, and the particular need

for finality in orders regarding stays in bankruptcy.' " *Id.* (quoting *In re Onouli-Kona Land Co.*, 846 F.2d 1172 (citation omitted)); *see also Miami Ctr. Ltd. P'ship v. Bank of New York*, 838 F.2d 1547, 1553-54 (11th Cir.), cert. denied, 488 U.S. 823 (1988) ("[Bankruptcy's mootness rule] is premised upon considerations of finality, protection of the integrity of the foreclosure sale process, and the court's inability to rescind the sale and grant relief on appeal even if the purchaser of the property is a party to the appeal . . .."). Pursuant to this rule, it is "well established that an appeal will be dismissed as moot if a debtor fails to obtain a stay pending appeal of a bankruptcy court order granting relief from the automatic stay and the moving creditor subsequently conducts a foreclosure sale, as the appellate court cannot grant any effective relief." *In re Egbert Dev., LLC*, 219 B.R. 903, 905 (B.A.P. 10th Cir. 1998) (citing cases).

This Court agrees with Aurora that, in accordance with general mootness principles and the bankruptcy mootness rule, the pending appeal must be dismissed as moot. Appellant did not seek a stay of the bankruptcy court's orders, Aurora executed the second writ of eviction and gained possession of the Property, and the bankruptcy case has been closed. As a result, even if this Court found that the bankruptcy court erred in lifting the automatic stay or in interpreting the relevant statute, as Appellant argues, there no longer is a bankruptcy proceeding in which to impose the automatic stay. *See In re Prentice*, No. 13-14510, 2014 WL 961364

(E.D. Mich. March 7, 2013) (unpublished) (dismissing as moot the debtor's appeal of the bankruptcy court's order granting relief from the automatic stay to the party that purchased the debtor's property in foreclosure, as the eviction was completed while the appeal was pending); *see also In re Sinta,* No. 13-10151, 2013 WL 1946185 (E.D. Mich. May 9, 2013) (unpublished) (dismissing as moot the debtor's appeal of a bankruptcy court's order lifting the automatic stay because the underlying bankruptcy case was dismissed and it was no longer possible for the district court to grant relief).

Appellant argues in his response brief that the mootness principles on which Aurora relies are inapplicable to his appeal because he is not claiming that the bankruptcy court erred in lifting the automatic stay, but rather that the bankruptcy court incorrectly interpreted the relevant statute when it ruled that there was no stay. (ECF No. 9 at 20.) The two claims raise the same issue, simply worded differently. Further, the dissenting opinion on which Appellant relies to argue that his appeal is not moot, *Cooey v. Strickland*, 588 F.3d 924 (6th Cir. 2009), has no applicability to this case.[1] In his response brief, however, Appellant admits that (1) he failed to obtain a stay pending appeal within the fourteen days allotted; and (2)

---

[1] *Cooey* was not a bankruptcy case, but rather involved a death penalty issue regarding execution procedures. 588 F.3d 924 (6th Cir. 2009). In *Cooey*, a death row inmate's petition for rehearing was denied because the adoption of a new execution procedure mooted the inmate's challenge to the old procedure, for which he was previously granted a stay of execution.

the underlying bankruptcy case from which he is appealing was dismissed on March 26, 2013. Therefore, for the reasons discussed, his appeal is moot.

In short, this Court concludes that the dismissal of Appellant's bankruptcy case along with Aurora's lawful seizure of the Property leaves this Court with no avenue to effectively provide him relief.

Accordingly,

**IT IS ORDERED** that Aurora's Motion to Dismiss (ECF No. 7) is **GRANTED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: July 16, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 16, 2014, by electronic and/or U.S. First Class mail.

                                                s/ Richard Loury
                                                Case Manager